# UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF OHIO
# WESTERN DIVISION AT DAYTON

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | * | CASE NO. 3:15CR148-TMR |
| Plaintiff, | * | (Judge Michael Newman) |
| vs. | * | |
| WILLIAM M. APOSTELOS | * | |
| Defendant | * | |

___

**MOTION TO GRANT DEFENDANT, WILLIAM M. APOSTELOS, RELEASE ON HIS OWN RECOGNIZANCE OR ON HOUSE ARREST, OR OTHER FACTORS OTHER THAN A FINANCIAL BOND**
___

Now comes the Defendant, William M. Apostelos, by and through counsel, and moves the Court to release Mr. Apostelos on his own recognizance, or to place Mr. Apostelos on house arrest, or to grant release on another basis than a financial bond. A memorandum in support follows.

    Respectfully submitted,

/s/ *Dwight D. Brannon*
Dwight D. Brannon (0021657)
Attorney for Defendant William M. Apostelos
For Purposes of Opposing Detention Only
BRANNON & ASSOCIATES
130 W. Second St., Suite 900
Dayton, OH 45402
Telephone: (937) 228-2306
Facsimile: (937) 228-8475
E-Mail: dbrannon@branlaw.com

## **MEMORANDUM**

This matter began one (1) full year ago, when the FBI and IRS raided both the office and home of Defendant, William M. Apostelos, and confiscated every record, computer, bank account, and every asset, including his wife's engagement ring. Since that time, Mr. Apostelos, knowing that he was the target of the FBI and IRS, has remained in the Miami Valley and attempted to conduct his life as best he could after the confiscation of his property, and with the very public investigation ongoing of his business and personal matters.

Absolutely nothing has changed in this case in regard to the issue of the appearance of the Defendant in any Court, or as to any threat to the safety of anyone in the community. There is absolutely no reason under the facts of this case, given the history of the Defendant, or any other reason, to require him to remain incarcerated or to subject him to a financial bond he cannot pay, when he has already proven that he is at no risk of flight over the last year.

Following the initial raid, the federal authorities—undoubtedly with the consent, knowledge, and direction of the Attorney General's office—proceeded to prosecute or persecute Mr. Apostelos in the Dayton Daily News and on local television for months. The agents also took hundreds of thousands of dollars from the banks and millions of dollars in assets, many of which were sold on the cheap, surrendered, and/or allowed to deteriorate. The federal agents then contacted numerous payees, friends, acquaintances, and other associates of Mr. Apostelos purportedly to obtain statements and other evidence. During virtually every interview, the agents made false and defamatory representations about Mr. Apostelos and assured all the interviewees of his guilt. None of these persons, or anyone else, expressed concern for their safety. Indeed, they could not do so, as Mr. Apostelos has never presented any threat.

The government caused the total collapse of Mr. Apostelos personal life and business by completely depleting all of his funds during the raids in October of 2014. The agents also advised banks and financial institutions to not cooperate or provide any records to Mr. Apostelos or his counsel. In other words, the government made sure Mr. Apostelos would not be able to survive financially or prepare his defense to the claims being now made by the newspapers with the approval of the federal authorities.

Even more egregiously, the Assistant U.S. Attorney agreed to provide all records, computer discs, and other documents to Mr. Apostelos and his counsel as soon as they were placed on disc. This is even though no charges had been filed, even though they could easily have been. Repeated requests for these documents were met with the response that the government moves slowly and "they are not back from Arizona." Mr. Apostelos' counsel would, it was said, get them when they came back. This never happened.

Meanwhile, Mr. Apostelos has not attempted to leave the area, although he had ample opportunity to do so. No person has claimed any concern for his or her safety. The only one impugning the Defendant with a "dangerous" label is a federal agent.

Mr. Apostelos has already passed a polygraph examination showing that he has no hidden assets or other assets other than those seized by the federal authorities. He also passed a separate polygraph regarding whether he ever intended to defraud anyone. Although this is hearsay, this Court may consider hearsay in connection with the exercise of its discretion is setting bond.

Recently, former U.S. Bank manager, and admitted embezzler of $5.2 million dollars, Amy Scarpelli, was released from jail and allowed to stay at her residence under home detention with a monitoring device. Mr. Apostelos, who has already proven that he is not a flight risk over the course of a year, should be granted the same consideration. "Ex-bank manager Amy

Scarpelli released from jail," WHIO.com (Oct. 16, 2014), available at http://www.whio.com/news/news/accused-embezzler-amy-scarpelli-appear-court/nhkX3/.

During the entire last year, the defense has asked to see documents, evidence, etc. of wrongdoing or to receive a summary from the Assistant U.S. Attorney of alleged charges and proposed plea offers. Although promised, none have been tendered. The only response this summer to such requests was: "this looks like it will be a slow plead."

The U.S. Attorney did say that this case is a "paper case." Unless Mr. Apostelos is free to consult the documents, records, computer files, etc., he will be unable to prepare a defense. His counsel will be unable to properly review and evaluate these documents without his presence. Neither Mr. Apostelos, nor counsel, can expect to drag hundreds of documents and/or computers to a jail. It is clear the government has engaged in an ongoing process to prejudice the defense, gain a conviction and prevent "a slow plead." There is no justifiable reason to continue this unjust process by keeping Mr. Apostelos in jail to hinder his defense and mental welfare. It will take months to review documents and other matters and that will be delayed; a situation that could have been remedied by the government if it wished.

While Mr. Apostelos and his counsel wait, the government will continue to try the case in the media and keep records from the defense. Indeed, the Assistant U.S. Attorney has indicated they will try to introduce evidence of civil negotiations prior to the seizure in October 2014, as well as seek disqualification of counsel.

The publicity is all that differentiates this case from any other criminal case, and that has happened at the institution of the government. The alleged amount of money allegedly illegally involved in this case should not be the basis for detention or bond. The civil suit filed by the Securities and Exchange Commission on the same day of indictment, which contains the only

breakdown by the government of financial loss by alleged victims, amounts to a mere fraction, 10% to 20%, of the amounts claimed by the government in the case at bar.

"The Court, pursuant to Title 18, Section 3142(g), must consider a list of factors in setting a bond which will reasonably assure the appearance of the defendant and the safety of the community." *United States v. Tirado*, 912 F.Supp. 273, 278 (N.D. Ohio 1995). 18 U.S.C. § 3142(g) states:

> (g) Factors to be considered. The judicial officer shall, in determining whether there are conditions of release that will reasonably assure the appearance of the person as required and the safety of any other person and the community, take into account the available information concerning--
>
> (1) the nature and circumstances of the offense charged, including whether the offense is a crime of violence, a violation of section 1591 [18 USCS § 1591], a Federal crime of terrorism, or involves a minor victim or a controlled substance, firearm, explosive, or destructive device;
>
> (2) the weight of the evidence against the person;
>
> (3) the history and characteristics of the person, including--
>
> (A) the person's character, physical and mental condition, family ties, employment, financial resources, length of residence in the community, community ties, past conduct, history relating to drug or alcohol abuse, criminal history, and record concerning appearance at court proceedings; and
>
> (B) whether, at the time of the current offense or arrest, the person was on probation, on parole, or on other release pending trial, sentencing, appeal, or completion of sentence for an offense under Federal, State, or local law; and
>
> (4) the nature and seriousness of the danger to any person or the community that would be posed by the person's release. In considering the conditions of release described in subsection (c)(1)(B)(xi) or (c)(1)(B)(xii) of this section, the judicial officer may upon his own motion, or shall upon the motion of the Government, conduct an inquiry into the source of the property to be designated for potential forfeiture or offered as collateral to secure a bond, and shall decline to accept the designation, or the use as collateral, of property that, because of its source, will not reasonably assure the appearance of the person as required.

18 USCS § 3142(g). Nowhere in the statute does it say that the Court should consider the amount of money the defendant is accused of having stolen in determining the nature of the bond.

With regard to the first factor, the nature of the crime, Mr. Apostelos is not charged with a violent crime, sex trafficking of children, terrorism, or any crime involving drugs, firearms, or a minor victim. Thus this factor weighs in favor of releasing Mr. Apostelos on his own recognizance.

Regarding the second factor, the weight of the evidence against the defendant, the government has yet to present any evidence for the Court's review. All that is before the Court is allegations, not evidence. Thus this factor also weights in favor of releasing Mr. Apostelos.

The third factor, the history of the defendant, weighs heavily in Mr. Apostelos' favor. As is pointed out above, these charges have been hanging over Mr. Apostelos' head ever since his home and business were raided over a year ago. In that time, Mr. Apostelos has not tried to run or hide from the law, and his counsel has been in contact with the government regarding the pending charges. If Mr. Apostelos intended to attempt to evade arrest or prosecution, the time to run would have been a year ago. His continued presence in the community demonstrates that he is not a flight risk.

With regard to the final factor, Mr. Apostelos does not present a danger to any person. The offenses he is charged with are financial, not violent or drug related. This factor also weighs in favor of releasing Mr. Apostelos on his own recognizance. Thus, because each of the four factors listed in the statute weigh in favor of releasing Mr. Apostelos on his own recognizance, he urges the Court to do so.

"A court has a duty to order a criminal defendant detained only if there are no conditions under which his appearance and lack of dangerousness can reasonably be assured." *United States v. Demmler*, 523 F. Supp. 2d 677, 678 (S.D. Ohio 2007). However, there are numerous options—outside of an impossible-to-meet financial bond—available to the Court under 18 U.S.C. § 3142(c). That portion of the statute allow the defendant to be released pending trial on the condition that the defendant remain in the custody of a designated person; maintain employment, or, if unemployed, actively seek employment; maintain or commence an educational program; abide by specified restrictions on personal associations, place of abode, or travel; avoid contact with alleged victims or potential witnesses; report on a regular basis to a designated law enforcement agency; comply with a specified curfew; refrain from possessing a firearm; refrain from excessive use of alcohol; or any of several other conditions. One of the options available to the Court is electronic monitoring and house arrest. 18 U.S.C. § 3142(c)(1)(B)(xiv).

The statute actually instructs the Courts not to "impose a financial condition that results in the pretrial detention of the person." 18 U.S.C. § 3142(c)(2). Thus where, as here, a defendant is completely unable to post a financial bond, it is contrary to the statute for a court to do so. As the Court is aware, all of Mr. Apostelos' assets have been seized by the government. He has no assets with which to post a financial bond. Thus, given the prohibitory language in the statute, the Court "may not" set a financial bond that it is impossible for Mr. Apostelos to meet. See *Tirado*, 912 F.Supp. 273 (discussing the application of 18 U.S.C. § 3142(c)(2).)

As discussed above, the statutory factors each weigh in favor of releasing Mr. Apostelos on his own recognizance. Failing that, numerous other options—besides a financial bond—are available to the Court to ensure Mr. Apostelos' presence to stand trial. For these reasons,

Defendant William M. Apostelos urges the Court to release him on his own recognizance, or to set conditions of his release other than a financial bond.

>Respectfully submitted,
>
>/s/ *Dwight D. Brannon*
>Dwight D. Brannon (0021657)
>Attorney for Defendant William M. Apostelos
>For Purposes of Opposing Detention Only
>BRANNON & ASSOCIATES
>130 W. Second St., Suite 900
>Dayton, OH   45402
>Telephone:	(937) 228-2306
>Facsimile:	(937) 228-8475
>E-Mail:	dbrannon@branlaw.com

**CERTIFICATE OF SERVICE**

The undersigned hereby certifies that the foregoing was filed using the Court's electronic filing system, which will serve notion of the filing upon the following counsel of record via electronic mail, this 3rd day of November, 2015:

Carter M. Stewart
United States Attorney
Brent Tabacchi
Alex R. Sistla
United States Attorney's Office
200 W. Second St., Rm. 602
Dayton, Ohio 45402
Counsel for Plaintiff the United States of America

Deborah L. Williams
Federal Public Defender
10 W. Broad St., Suite 1020
Columbus, Ohio 43215
Counsel for Defendant William M. Apostelos

F. Arthur Mullins
Federal Public Defender
1 South Main St., Suite 490
Dayton, Ohio 45402
Columbus, Ohio 43215
Counsel for Defendant William M. Apostelos

                                            /s/ *Dwight D. Brannon*
                                            Dwight D. Brannon (0021657)