IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | : | Case No. 3:15CR148 |
| Plaintiff, | : | Judge Thomas M. Rose |
| v. | : | |
| WILLIAM APOSTELOS, | : | |
| Defendant. | : | |

## CONSENT FINAL ORDER OF FORFEITURE OF REAL PROPERTY AT 496 SOUTH HOUSTON PIKE, SOUTH VIENNA, OH

WHEREAS, upon the United States' Motion for a Final Order of Forfeiture and the underlying records in the docket, the Court makes the following findings:

1. On October 27, 2015, an Indictment was returned against William Apostelos and Connie Apostelos wherein the Defendants were charged in Count One with Conspiracy to Commit Wire Fraud and Mail Fraud in violation of 18 U.S.C. § 1349, in Counts Two through Nine with Mail Fraud in violation of 18 U.S.C. § 1341, in Counts Ten through Twenty-Three with Wire Fraud in violation of 18 U.S.C. § 1343, in Count Twenty-Four with Conversion of Funds from an Employee Benefits Plan in violation of 18 U.S.C. § 664, and in Counts Twenty-Five through Twenty Six with Money Laundering in violation of 18 U.S.C. § 1957. (Doc. 6);

2.  Connie Apostelos was charged in count Twenty-Seven of the Indictment with False Statement in violation of 18 U.S.C. § 1001 (Doc. 6);

3.  The Indictment gave notice of the United States intent to seek the forfeiture of the real property commonly known as 496 South Houston Pike, South Vienna, Ohio, pursuant to 18 U.S.C. § 981(a)(1)(C) and 28 U.S.C. 2461(c) as proceeds of the Defendant's violations;

4.  The real property commonly known as 496 South Houston Pike, South Vienna, Ohio (hereinafter the "Subject Property") is further identified through its legal description as follows:

> All right, title and interest (including any leasehold interest) in the whole of any lot or tract of land and any appurtenances or improvements, to the real property commonly known as **496 South Houston Pike, South Vienna, Ohio 45369** and having the following legal description;
>
> Situated in Virginia Military Survey #5999, Harmony Township, Clark County, Ohio. Being all of a 169.3 acre (by deed) parcel conveyed to John Hook, Revocable Trust, by O.R. 1790, Page 2064 of the Deed of Records of Clark County, Ohio, and being a tract of land more particularly described as follows:
>
> All of that Plats and Deeds referenced hereon, are recorded in the Plat and Deed Records of Clark County, Ohio. Starting for reference at a railroad spike found at the centerline intersection of South Houston Pike and Wilson Road;
>
> Thence, N 33 46'34"W, with the centerline of said South Houston Road, for a distance of 51.01 feet to a Mag Nail set at the True Point of Beginning:
>
> Thence, from said True Point of Beginning, N 33 46'34"W, continuing with the centerline of said South Houston Road, for a distance of 689.17 feet to a 5/8" iron pin set at the southwest corner of a 12.2 acre parcel conveyed to Harry E. Burnsworth, Jr. and Grace E. Kelly-Burnsworth by O.R. 1955, Page 74-76 and on the south line of V.M.S. #4480:
>
> Thence, N 50 00'00"E, with the south line of said 12.2 acre parcel and the south line of said V.M.S. #4480, passing a fence post found at 7.00 feet and a capped "RE Hankison" iron pin found at 514.42 feet, for a total distance of 1060.02 feet to a 5/8"iron pin set:
>
> Thence, N 85 02'54"E, for a distance of 175.24 feet to a 5/8" iron pin set:
>
> Thence, N 13 17'00"W, for a distance of 167.97 feet to a capped "RE Hankison" iron pin found on the south limited access right-of-way line of U.S. Route 40:
>
> Thence Northeasterly, with a curve to the left, with said limited access right-of-way line, having a radius of 5789.58 feet, an arc length of 352.72 feet, with a central angle 3 29'26" and chord length of 352.67 feet which bears N 76 49'04"E, to a 5/8" iron pin set at a point of tangency at Station 1396+85.29/60.00 feet right of the centerline of said U.S. Route 40 bound per ODOT right-of-way plans CLA. 40-24.31:

Thence, N 75 04'20"E, continuing with the south limited access right-of-way line of said U.S. Route 40, for a distance of 413.74 feet to a fence post found at Station 1400+99.50/60.00 feet right, per said ODOT right-of-way plans CLA. 40-24.31 and the northwest corner of a 151.77 acre parcel conveyed to William H. Olinger, III by O.R. 1498, Page 410:

Thence, S 05 21'04"E, with the west line of said 151.77 acre parcel, for a distance of 568.26 feet to a 5/8" iron pin set:

Thence, S 39 59'21"E, continuing with the west line of said 151.77 acre parcel, passing a fence post found at 3691.29 feet, for a total distance of 3691.73 feet to a 5/8" iron pin set on the north line of a 57.25 acre parcel conveyed to Olinger farms, LLC. by O.R. 1735, Page 719-720 and on the north line of V.M.S. #4214.

Thence, S 49 37'45"W, with the north line of said 57.25 acre parcel and V.M.A. #4214, passing a 5/8" iron pin set at 1700.71 feet, for a total distance 1720.71 feet to a Mag nail set at the southwest corner of said 57.25 acre parcel and in the centerline of said South Houston Pike:

Thence, N 40 41'57"W, with the centerline of said South Houston Pike, for a distance of 1641.52 feet to a railroad spike found;

Thence, N 39 33'56"W, with the centerline of said South Houston Pike, for a distance of 1476.41 feet to a Mag nail set on the south line of a 4.410 acre parcel conveyed to Dana N. and Connie L. Andrews by O.R.; 386, page 20 and O.R. 1475, page 468:

Thence, N 50 51'15"E, with the south line of said 4.410 acre parcel, passing a 5/8" iron pin found at 26.07 feet, a capped "RET" iron pin found at 483.19 feet, for a total distance 671.42 feet to a "RET" iron pin found:

Thence, N 14 57'37"W, with the east line of said 4.410 acre parcel, for a distance of 396.66 feet to a 5/8" iron pin found:

Thence, S 70 04'57"W, with the north lines of said 4.410 acre parcel, a 1.875 acre parcel conveyed to Joseph and Stacy Patterson by O.R. 1843, Page 386, a 1.137 acre parcel conveyed to Lowell E. and Deloris E. Davis, Tr. by O.R. 1387, page 2182, passing a capped "RET" iron pin found at 371.50 feet and fence post found at 851.75 feet, for a total distance of 882.82 feet to the True Point of Beginning, Containing 168.8048 acre of which 1.3118 acres are in right-of-way.

Subject to all legal conditions, easements and right-of-ways pertaining to the premises herein described.

This description prepared by McDougall-Marsh land Surveyors. Based on a field survey made by same in April 2013, under the direct supervision of Thomas K. Marsh P.S. #7735. All iron pins set are 30"x5/8" capped "7735." Bearing are based on the south line of Tract A, B, and C (N 50 00'00"E) as recorded in Survey Volume 20, Page 85 of the Survey Records of Clark County, Ohio.

Parcel No.: 130-15-05999-000-048

Prior Instrument Reference: Book 2033, Page 1287

5. A copy of the Complaint seeking the civil forfeiture of the Subject Property was posted on the real property on November 20, 2014;

6. A *Lis Pendens* giving notice of the United States' intent to forfeit the Subject Property in the parallel civil forfeiture action was filed in Clark County Common Pleas Court, Case No: 14CV86492 on November 17, 2017;

7. A Notice of the *Lis Pendens* was filed with the Clark County Recorder on December 1, 2014;

8. On February 2, 2017, William Apostelos entered a guilty plea and signed a written plea agreement pleading guilty to Count One, Conspiracy to Commit Wire Fraud and Mail Fraud in violation of 18 U.S.C. § 1349, and Count Twenty-Four, Conversion of Funds from an Employee Benefits Plan, in violation of 18 U.S.C. § 664, of the Indictment (Doc. 58);

9. As part of the Plea Agreement, William Apostelos agreed that the Subject Property was subject to forfeiture pursuant to 18 U.S.C. § 981(a)(1)(C) and 28 U.S.C. 2461(c) as proceeds of the Defendant's violations alleged in Count One and Twenty-Four;

10. As part of the Plea Agreement, William Apostelos agreed to the immediate forfeiture of the Subject Property pursuant to 18 U.S.C. § 981(a)(1)(C) and 28 U.S.C. 2461(c) as proceeds of the Defendant's violations alleged in Count One and Twenty-Four;

11. As part of his Plea Agreement, William Apostelos agreed that the United States may, in its sole discretion, effect the forfeiture of the Subject Property through the criminal case or the related civil action, *United States v. Real Property Known as 35 Commercial Way, Springboro, Ohio 45066, et, al.*, Case No. 3:14CV381;

12. As part of his Plea Agreement, William Apostelos signed, executed and agreed to the terms of the Global Settlement Agreement, attached to the Plea Agreement as Exhibit B, and incorporated by reference into the Plea Agreement;

13. The Defendant's wife, Connie Apostelos, signed the Global Settlement Agreement;

14. Counsel for William Apostelos and Counsel for Connie Apostelos signed the Global Settlement Agreement;

15. Through the Global Settlement Agreement, William Apostelos, WMA Enterprises, LLC, Midwest Green Resources, LLC, Apostelos Enterprises, Inc., Connie Apostelos, Coleman Capital, Inc., Silver Bridle Racing, LLC, and any other business entity in which William Apostelos or Connie Apostelos has any interest, all withdrew any claims that were filed, or may have been filed to the Subject Property;

16. On April 4, 2017, Connie Apostelos entered into a Plea Agreement wherein she plead guilty to Aiding and Abetting Money Laundering in violation of 18 U.S.C. § 1957 and § 2;

17. In her Plea Agreement, Connie Apostelos agreed to the forfeiture of the Farm as proceeds of WILLIAM APOSTELOS' offenses, acknowledged that she had signed the Global Settlement Agreement, waived all of the requirements contained in Rules 11, 32.2 and 43(a) of the Federal Rules of Criminal Procedure, and waived all constitutional and statutory challenges to the forfeiture;

18. On August 8, 2017, Connie Apostelos was sentenced to 30 months incarceration for her violation of 18 U.S.C. § 1957 and § 2;

19. Willliam Apostelos, WMA Enterprises, LLC, Midwest Green Resources, LLC, Apostelos Enterprises, Inc., Connie Apostelos, Coleman Capital, Inc., Silver Bridle Racing, LLC, and any other business entity in which William Apostelos or Connie Apostelos has any interest, and their counsel all had actual notice of the United States' intent to forfeit the Subject Property and waived any claim to the Subject Property;

20. On August 2, 2017, this Court entered a Preliminary Order of Forfeiture (Doc. 88) which ordered the forfeiture of the Subject Property pursuant to 18 U.S.C. § 981(a)(1)(C) and 28 U.S.C. § 2461(c);

21. The Preliminary Order of Forfeiture:

   a. Found that the Indictment gave the Defendant notice that the United States intended to seek the forfeiture of the Subject Property;

   b. Found that the Defendant agreed to the forfeiture of the Subject Property;

   c. Found that the United States has established the requisite nexus between the Subject Property and the Defendant's offenses;

   d. Ordered the forfeiture of the Subject Property pursuant to 18 U.S.C. § 981(a)(1)(C) and 28 U.S.C. § 2461(c);

   e. Ordered that if no third party files a timely claim, the United States shall have clear title to the Subject Property following the expiration of the period for filing of third party claims as set forth in 21 U.S.C. § 853(n)(2) as incorporated by 21 U.S.C. § 2461(c); and

   f. Retained jurisdiction to enforce the Preliminary Order of Forfeiture and amend it as necessary pursuant to Fed.R.Crm.P. 32.2(e);

22. The United States published notice of this forfeiture action and the intent of the United States to dispose of the Subject Property in accordance with Fed.R.Crm.P. 32.2(e), and such publication notified all parties of their right to petition the Court for a hearing to adjudicate the validity of their alleged interest in the Subject Property, beginning on August 23, 2017 and continuing for at least thirty (30) consecutive days, on the www.forfeiture.gov website;

23.  The Subject Property was titled to Steven C. Scudder, Trustee of the WMA Trust Agreement dated the 23rd of July 2013;

24.  The United States sent direct written notice of the Preliminary Order of Forfeiture in accordance with 21 U.S.C § 853(n)(1) and Fed.R.Crm.P. 32.2(6)((D) to the following persons/ entities:

   a. Connie Apostelos, individually and as Statutory Agent for Coleman Capital, Inc. and Silver Bridle Racing, LLC through counsel Jon Paul Rion;
   b. Steven Scudder individually and as Trustee for the WMA Trust Agreement dated the 23rd of July 2013 through counsel Keith A. Yeazel, Esq.;
   c. AT&T Right of Way Department;
   d. John Paul Rieser as the Chapter 7 Bankruptcy Trustee (Case No: 3:14-bk-33677);
   e. Heidi Black, individually and as Successor Trustee of the John Hook Revocable Trust; Lynn Stoddard; Jonda Bauch; Ron Rittenhouse; through counsel David C. Barrett, Jr.;
   f. Steven Harvey (which is now represented by Rebecca K. Riccobono, Executor of the Estate of Steven H. Harvey, Deceased); Michael Harvey; and Kristen Harvey through counsel Christopher Conard;
   g. David Zoellner, individually and as Successor Trustee to the WMA Trust Agreement;
   h. Oak Lodge Stable;
   i. Mike Maker Racing Stables LLC c/o Mike Maker;
   j. Michael Cooper through counsel Jon Paul Rion, Esq.;
   k. Rebekah Fairchild through counsel Michael R. Booher, Esq; and
   l. Rebekah Riddell through counsel Adam H. Krumholz, Esq.;

25.  The United States did not send direct written notice of the Preliminary order of Forfeiture to William Apostelos, WMA Enterprises, LLC, Midwest Green Resources, LLC, Apostelos Enterprises, Inc., or any other business entity in which William Apostelos has any interest, because all of those persons/entities and their counsel on their behalf, agreed to the forfeiture of the Subject Property;

26.  The United States properly sent direct written notice of the Preliminary Order of Forfeiture in accordance with Rule 32.2(6)((D) to all persons who reasonably appeared to be a

potential claimant with standing to contest the forfeiture of the Subject Property in the ancillary proceeding;

27. A claim to the Subject Property was filed by Heidi Black, individually and as Successor Trustee of the John Hook Revocable Trust; Lynn Stoddard; Jonda Bauch; and Ron Rittenhouse and such claim has been resolved as set forth in this Consent Final Order of Forfeiture;

28. Potential Claimants Rebecca K. Riccobono, Executor for the Estate of Steven H. Harvey, Deceased; Michael Harvey; and Kristen Harvey would have filed a claim absent the agreement resolving those potential claims as set forth in this Consent Final Order of Forfeiture;

29. The Defendant was sentenced and a Judgment was filed on July 5, 2017 (Doc. 81) which ordered the forfeiture of the Subject Property;

NOW THEREFORE, IT IS HEREBY ORDERED, ADJUDGED AND DECREED that:

30. The Preliminary Order of Forfeiture entered on August 2, 2017 (Doc. 88), ordering the forfeiture pursuant to 18 U.S.C. § 981(a)(1)(C) and 28 U.S.C. § 2461(c) of the Subject Property is final;

31. All right, title and interest to the Subject Property is hereby condemned, forfeited and vested in the United States of America and the United States has clear title to the Subject Property;

32. Other than those interests recognized herein, no other person or entity, including William Apostelos; WMA Enterprises, LLC; Midwest Green Resources, LLC; Apostelos Enterprises, Inc.; Connie Apostelos; Coleman Capital, Inc.; Silver Bridle Racing, LLC; any other business entity in which William Apostelos or Connie Apostelos has any interest; Steven Scudder individually and as Trustee of the WMA Trust Agreement dated the 23rd of July 2103; John Paul Rieser as William Apostelos' Chapter 7 Bankruptcy Trustee (Case No: 14-33677); Heidi Black,

individually and as Successor Trustee of the John Hook Revocable Trust; Lynn Stoddard; Jonda Bauch; Ron Rittenhouse; Rebecca K. Riccobono, Executor for the Estate of Steven H. Harvey, Deceased; Michael Harvey; Kristen Harvey; David Zoellner individually and as Successor Trustee to the WMA Trust Agreement; Oak Lodge Stable; Mike Maker Racing Stables, LLC; Michael Cooper; Rebekah Fairchild; and Rebekah Riddell, shall have any right, title or interest in the Subject Property;

33. The custodian of the Subject Property is authorized to dispose of the Subject Property in accordance with the law;

34. The sale of the Subject Property shall be subject to the following:

   a. Heidi Black, who has been residing at the Subject Property, may continue to occupy the Subject Property until not later than December 31, 2018;

   b. Ron Rittenhouse may continue to farm the Subject Property through the Fall 2018 harvest, and upon harvesting the crops shall pay the United States the remaining balance on the Farm Lease, the amount of eleven thousand two hundred dollars ($11,200) and agrees that all funds held by the Bankruptcy Trustee for prior years farm lease payments shall be turned over to the United States and forfeited pursuant to 18 U.S.C. § 981(a)(1)(C) and 28 U.S.C. § 2461(c);

35. Upon the sale of the Subject Property, the proceeds of the sale shall be distributed in the following priority to the extent proceeds are available:

   a. To the United States for its costs and expenses;

   b. To the County Tax Assessor and Tax Collector of all unpaid real property taxes assessed against the Subject Property to the date of entry of this Final Order of Forfeiture;

c. To Rebecca K. Riccobono, Executor for the Estate of Steven H. Harvey, Deceased, Michael Harvey and Kristen Harvey in even thirds through their undersigned counsel, the sum of thirty-eight thousand dollars ($38,000);

   d. The remaining proceeds shall then be divided with 63% of the balance being forfeited and paid and to the United States and such funds shall be disposed of according to law; and the remaining 37% being paid to Heidi Black, individually and as Successor Trustee of the John Hook Revocable Trust; Lynn Stoddard; Jonda Bauch through their undersigned counsel;

   e. Out of the 63% portion, the United States shall pay Rebecca K. Riccobono, Executor for the Estate of Steven H. Harvey, Deceased, Michael Harvey and Kristen Harvey, in even thirds through their undersigned counsel the sum of $14,500, resulting in a total aggregate payment of $52,500.

36. The United States is authorized to remove any occupants and/or personal property remaining on the Subject Property after December 31, 2018 without further order of this Court;

37. Any and all claims against the United States of America, its agencies, agents, officers, including employees and agents of the Federal Bureau of Investigation, and the Internal Revenue Service arising out of or related to this action, including any claim for attorney fees, costs or interest which may be asserted on behalf of a potential claimant against the United States are hereby released.

38. Nothing in this Order shall preclude Heidi Black, individually and as Successor Trustee of the John Hook Revocable Trust; Lynn Stoddard; Jonda Bauch; Steven Harvey; Michael Harvey; or Kristen Harvey receiving their *pro rata* share of the distribution of the proceeds of

William Apostelos' forfeited assets, other than the amounts distributed pursuant to this Order shall be deducted from their loss as calculated by the Department of Justice;

39. The United States District Court shall retain jurisdiction in the case for the purpose of enforcing this Final Order of Forfeiture.

SO ORDERED:

Dated: September 4, 2018                                    *s/Thomas M. Rose

                                                         _____
                                                         THOMAS M. ROSE
                                                         UNITED STATES DISTRICT JUDGE

Benjamin Glassman
UNITED STATES ATTORNEY

 s/Pamela M. Stanek
Pamela M. Stanek
ASSISTANT U.S. ATTORNEY


 s/David C. Barrett, Jr.
David Carroll Barrett, Jr.
Counsel for Heidi Black, individually and as
Successor Trustee of the John Hook Revocable Trust;
Lynn Stoddard; Jonda Bauch; and Ron Rittenhouse


 s/Christopher Conard
Christopher Conard
Patricia J. Friesinger
Counsel for Rebecca K. Riccobono,
Executor for the Estate of Steven H. Harvey;
Michael Harvey; and Kristen Harvey;