**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION AT DAYTON**

UNITED STATES OF AMERICA,

          Plaintiff,      :      Case No. 3:15-cr-148
                                                      Also 3:18-cv-403

                                                        District Judge Thomas M. Rose
- vs -                                         Magistrate Judge Michael R. Merz

WILLIAM M. APOSTELOS,

          Defendant.     :

---

## REPORT AND RECOMMENDATIONS

---

This case, presently pending on Defendant's Amended Motion to Vacate under 28 U.S.C. § 2255 (ECF No. 139), is before the Court on Defendant's Motion to Dismiss Action (ECF No. 146).

Defendant filed the Amended Motion to Vacate on February 19, 2019. On the Court's Order (ECF No. 142), the United States filed a Response in Opposition (ECF No. 145). At the same time, Apostelos was given twenty-one days after the Government's Response to file a reply in support. Instead of a reply in support, Apostelos has filed the instant Motion to Dismiss.

A motion to dismiss under Fed.R.Civ.P. 41 which does not have the consent of the opposing party requires court approval. No interests of any other person depend on keeping this action pending if Mr. Apostelos wishes to abandon it. Even though the Motion takes issue with many of the points made by the Government in its Response, Apostelos still concludes "that he be

allowed to dismiss the above entitled case, and close the matter forthwith." (ECF No. 146, PageID 991).

While Apostelos should be allowed to dismiss, it should be on condition that the dismissal be with prejudice. The Government is prepared to litigate the case and the Court is prepared to adjudicate it. There is no good reason why that adjudication, if it is to happen, should not happen now rather than later. In any event, a dismissal without prejudice would scarcely assist Defendant since the statute of limitations on a § 2255 motion had almost expired when he first filed.

**Conclusion**

It is therefore respectfully recommended that this § 2255 matter be dismissed with prejudice. Because reasonable jurists would not disagree with this conclusion, Petitioner should be denied a certificate of appealability and the Court should certify to the Sixth Circuit that any appeal would be objectively frivolous and therefore should not be permitted to proceed *in forma pauperis*.

April 1, 2019.

s/ *Michael R. Merz*<br>United States Magistrate Judge

**NOTICE REGARDING OBJECTIONS**

Pursuant to Fed. R. Civ. P. 72(b), any party may serve and file specific, written objections to the proposed findings and recommendations within fourteen days after being served with this Report and Recommendations. Pursuant to Fed. R. Civ. P. 6(d), this period is extended to seventeen days because this Report is being served by mail. .Such objections shall specify the portions of the Report objected to and shall be accompanied by a memorandum of law in support of the objections. If the Report and Recommendations are based in whole or in part upon matters occurring of record

at an oral hearing, the objecting party shall promptly arrange for the transcription of the record, or such portions of it as all parties may agree upon or the Magistrate Judge deems sufficient, unless the assigned District Judge otherwise directs. A party may respond to another party=s objections within fourteen days after being served with a copy thereof. Failure to make objections in accordance with this procedure may forfeit rights on appeal. *See United States v. Walters*, 638 F.2d 947, 949-50 (6th Cir. 1981); *Thomas v. Arn*, 474 U.S. 140, 153-55 (1985).